## Adams *vs.* Moore.

A party is not estopped by every averment made by the other side which he does not deny; but only by averment of facts material and traversable, alleged directly and precisely, and not by way of argument, inference or recital.

Therefore where, to an action by the sheriff against a surety on his deputy's official bond, the surety pleaded that on a certain day notice was given to the sheriff by another surety that he would no longer be responsible for the official conduct of the deputy, who became insolvent; and that the sheriff still carelessly and fraudulently continued him in office; and that all his defaults happened after such notice :—to which the sheriff replied by alleging a breach previous to the notice, without denying or protesting against the other facts alleged; and had judgment upon a general demurrer to the replication :—it was held, in a *scire facias* for further execution, that the facts so stated in the plea, and not denied, did not constitute an estoppel; the fraud not being directly alleged, nor necessarily deducible from the other facts in the plea.

THIS was a *scire facias*, to have further execution of a judgment formerly recovered by the plaintiff against the defendant on a penal bond. It appeared, that the bond was signed *September* 7, 1820, by the defendant and others as sureties, to secure the plaintiff, then sheriff of this county, for the official good conduct of one *Dinsmore* whom he had appointed his deputy. The defendant pleaded that to the original suit upon this bond, commenced *October* 16, 1824, a plea in bar was filed, in which it was alleged that *Dinsmore*, the deputy, faithfully executed his office up to *April* 23, 1823; on which day *David H. Raymond*, another of the sureties, gave notice in writing to the plaintiff, with the consent, request and privity of the defendant, that he would no longer be responsible for the official conduct of *Dinsmore*; who had since become insolvent; and that the plaintiff, well knowing the same, carelessly and fraudulently suffered said *Dinsmore* to continue in said office; and that all his defaults and omissions of duty had happened since the notice given as aforesaid :—And that to this plea the plaintiff in that suit replied by alleging a breach of duty in the deputy, in the year 1821, for which, in 1825 the sheriff had been compelled to pay :—To which replication the defendant demurred in law; and the plaintiff had judg-

ment; with an award of execution for the amount of that breach :—
And further alleges that the plaintiff did not traverse, nor deny, nor
protest against any of the other facts stated in the plea ; and that the
breaches for which the present suit is brought were long subsequent
to the time of said notice.

To this plea the plaintiff answered by a general demurrer.

*Boutelle* and *Sprague*, in support of the demurrer, cited 1 *Stark.*
295 ; 2 *Stark.* 29 ; *Crane v. Newell,* 2 *Pick.* 612.

*Allen* and *Bronson*, for the defendant cited 2 *Saund.* 103, *b. note* ;
1 *Chitty Pl.* 589, 590, 591 ; 5 *Com. Dig. Pleader N.* ; 6 *Dane's*
*Abr.* 10 ; *Co. Lit.* 124, *b.*

WESTON J. delivered the opinion of the Court at the ensuing
*July* term in *Waldo.*

The defendant relies, that by reason of the facts by him pleaded
to the original suit, they not having been traversed or denied by the
plaintiff, he was discharged from all liability, arising from the acts or
omissions of *Dinsmore*, his principal, subsequent to the twenty third
of *April*, 1823. And he avers that the cause of action, set forth in
the *scire facias*, accrued after that period. The counsel for the
plaintiff contends that no conclusion or estoppel to this effect can be
raised against him, by reason of the pleadings in the original suit;
and that his omission to traverse allegations there made, which con-
stituted no defence to that action, cannot now avail the defendant, or
prejudice him.

In support of this position, it is insisted that the averments or
omissions in one set of pleadings cannot affect another ; and that, as
the law is now understood, protestations are no longer necessary ;
and have become obsolete in practice. Under the statute of 4 and
5 *Anne*, a defendant may, by leave of court, plead two or more
distinct pleas. And the better opinion seems to be, that averments
and admissions in one count in the declaration, or in one plea, where
there is more than one, have no tendency to establish or controvert
any other count, which is technically regarded as introducing a new
cause of action ; or to affect any issue, which may be joined upon

Adams v. Moore.

other pleas. Had it been held otherwise, the advantage arising from more pleas than one, given by the statute, would have been in a great measure defeated. It hence results, according to the text of *Starkie*, cited in the argument, that protestations have become of little use. They never affected the action, in which they were made. The intent of a protestation is, that the party may not be concluded in another action. 5 *Com. Dig. Pleader N.* No authority has been adduced to show, that this is not as necessary now as it was formerly. Sergeant *Williams*, in his edition of *Saunders*, *vol.* 2, 103, *note* 1, discusses and illustrates the doctrine of protestation, and no where intimates that there is no occasion for its use, in modern practice.

What has been once solemnly admitted on record, whether such admission be direct or implied, estops the parties to such record. This is subject to such modifications and exceptions, as are established by law. A party is not estopped by every averment made by the other side, which he does not deny. An estoppel ought to be certain to every intent. It must be upon a matter directly and precisely alleged ; and not by way of argument, inference or recital. So if the thing alleged be not traversable or material, it is no estoppel. *Co. Lit.* 352, *b.* And it has been urged in argument that the estoppel, pleaded in the case before us, does not attach, because the facts relied upon were not material or traversable in the original suit. Their effect was avoided by replying a cause of action, arising prior to the matter pleaded in discharge of farther liability. Whether this objection be sufficient to rebut the estoppel, it is unnecessary to decide ; for if the facts relied upon, although established by estoppel are immaterial, they constitute no defence, and if material, the ground of the objection fails.

The important question then is, upon the merits of the case, whether the facts pleaded in the original suit, absolved the defendant from further liability. And we are clearly of opinion that they did not. The obligors in the bond to the plaintiff, did not reserve to themselves the right to be absolved from future breaches upon notice ; nor does any such right arise from implication of law. It was averred that at the period stated, the principal was insolvent, and unable

to indemnify his sureties for any damage, which they might sustain on his account. It is not uncommon for an insolvent man of fair character, to obtain sureties for the faithful discharge of the duties of an office, to which he may be appointed. Nor is the obligation of sureties, if they undertake for a man solvent at the time, lessened or impaired by his subsequent insolvency. It is a hazard they voluntarily assume, and within their contemplation as a contingency which may happen. In *Crane v. Newell,* cited in the argument, in addition to the notice from the sureties, it was expressly averred that the principal was entirely unfit for the office of deputy, and that this fact was well known to the plaintiff, which the plaintiff did not deny, except by protestation. But the court did not sustain the defence. The obligation of the surety remains ; unless the party to whom he has become bound, without his consent, changes the contract, or puts it out of his power to enforce payment against the principal. This doctrine is fully supported by the authorities cited for the plaintiff.

If the plaintiff and the principal had conspired to defraud the sureties, or if the plaintiff had continued him in office, with the fraudulent intent to do them an injury, and this had been directly and affirmatively pleaded and proved, it might have constituted a good defence. But the averment is, that one of the sureties notified the plaintiff that he would be no longer bound, that the principal was insolvent, and that this was known to the plaintiff, who notwithstanding carelessly and fraudulently continued him in office. That this was done fraudulently, is a deduction from the facts alleged. The omission of the plaintiff to remove the principal, although he knew these facts, the defendant has denominated fraudulent. Now what depends on inference, argument or deduction, does not afford matter of estoppel. But the inference is not fairly, still less necessarily, deducible from the premises. The plaintiff might know that the surety was unwilling to stand further bound, and that the principal was insolvent, and yet continue him in office without fraud.

*Judgment for the plaintiff.*